Report: CZR0026 v18.0

16TH JUDICIAL CIRCUIT
JACKSON - KANSAS CITY
CIRCUIT COURT DOCKET SHEET

Date: 09-Sep-2024
Time: 12:07:10PM
Page: 1

**2416-CV15243**  **ALL PRO 2 LLC V ALICE RIDING ET AL**  **Security Level: 1 Public**

| | | | |
|---|---|---|---|
| **Case Type:** | AC Unlawful Detainer | **Case Filing Date:** | 31-May-2024 |
| **Status:** | Pet Filed in Associate Ct | | |
| **Disposition:** | | **Disposition Date:** | |

| | | Release/Status Change Date | Reason |
|---|---|---|---|
| Judge | **MARY FRANCES WEIR (47156)** | | |
| Plaintiff | **ALL PRO 2 LLC (S122958)** | | |
| REPRESENTED BY: | | | |
| Attorney for Plaintiff | JULIE ANN ANDERSON (56865) | | |
| Defendant | **ALICE RIDING (S122959)** | | |
| Defendant | **ROBIN RIDING (S122960)** | | |
| Defendant | **JOHN/JANE DOE (S122961)** | | |

| **Filing Date** | **Description** |
|---|---|
| 31-May-2024 | **Pet Filed in Associate Ct** |
| | PETITION FOR UNLAWFUL DETAINER. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Motion Special Process Server** |
| | MOTION FOR SPS. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Filing Info Sheet eFiling** |
| | **Filed By:** JULIE ANN ANDERSON |
| | **Hearing Scheduled** |
| | **Scheduled For:** 27-Jun-2024; 9:00 AM; MARY FRANCES WEIR; **Setting:** 0; Jackson - Kansas City TV |
| | **Order - Special Process Server** |
| | **Summons Issued-Unlawful Detain** |
| | Document ID: 24-SOUD-807, for RIDING, ALICE. |
| | **Service/Attempt Date:** 22-Jun-2024 |
| | **Summons Issued-Unlawful Detain** |
| | Document ID: 24-SOUD-808, for RIDING, ROBIN. |
| | **Service/Attempt Date:** 22-Jun-2024 |
| | **Summons Issued-Unlawful Detain** |
| | Document ID: 24-SOUD-809, for DOE, JOHN/JANE. |
| | **Service/Attempt Date:** 22-Jun-2024 |
| 07-Jun-2024 | **Notice** |
| | Notice of Conflict and Variance |
| | **Filed By:** ALICE RIDING |
| 13-Jun-2024 | **Notice** |
| | MANDATORY JUDICIAL NOTICE |
| | **Filed By:** ALICE RIDING |
| 24-Jun-2024 | **Summons Personally Served** |
| | Document ID - 24-SOUD-807; Served To - ALICE RIDING; Served Date - 06/22/2024; Served Time - 11:00:00; Service Type - SP; Reason Description - SERV; Service Text -LEAVING COPY OF SUMMONS WITH ROBIN RIDING RESIDING |
| | **Summons Personally Served** |
| | Document ID - 24-SOUD-809; Served To - JOHN/JANE DOE; Served Date - 06/22/2024; Served Time - 11:00:00; Service Type - SP; Reason Description - SERV; Service Text -LEAVING COPY OF SUMMONS WITH ROBIN RIDING RESIDING |
| | **Summons Personally Served** |

Report: CZR0026 v18.0

16TH JUDICIAL CIRCUIT
JACKSON - KANSAS CITY
CIRCUIT COURT DOCKET SHEET

Date: 09-Sep-2024
Time: 12:07:10PM
Page: 2

Case continued from previous page.

**2416-CV15243**    **ALL PRO 2 LLC V ALICE RIDING ET AL**    **Security Level: 1 Public**

Document ID - 24-SOUD-808; Served To - ROBIN RIDING; Served Date - 06/22/2024; Served Time - 11:00:00; Service Type - SP; Reason Description - SERV; Service Text -DELIVERING COPY OF SUMMONS TO DEFENDANT

**Notice of Service**

SERV RET - ALICE.

**Filed By:** JULIE ANN ANDERSON

**On Behalf Of:** ALL PRO 2 LLC

**Notice of Service**

SERV RET - DOE.

**Filed By:** JULIE ANN ANDERSON

**On Behalf Of:** ALL PRO 2 LLC

**Notice of Service**

SERV RET - ROBIN.

**Filed By:** JULIE ANN ANDERSON

**On Behalf Of:** ALL PRO 2 LLC

**Motion for Continuance**

**Filed By:** ALICE RIDING

**Proposed Order Filed**

**Filed By:** ALICE RIDING

25-Jun-2024    **Motion for Continuance**

Motion for Emergeny Continuance

**Filed By:** ALICE RIDING

**27-Jun-2024**    Motion no Longer an Issue

**Proposed Order Filed**

**Filed By:** ALICE RIDING

**Proposed Order Filed**

Order on Agreed Motion for Emergency Continuance

**Filed By:** ALICE RIDING

**Motion Filed**

Motion for Agreed NIHIL DICIT Judgment

**Filed By:** ALICE RIDING

**Proposed Judmt/Dec Dis Filed**

Agreed NIHIL DICIT Judgment

**Filed By:** ALICE RIDING

**Motion to Dismiss**

**Filed By:** ALICE RIDING

**11-Jul-2024**    Motion no Longer an Issue

**Affidavit Filed**

Affidavit of Truth

**Filed By:** ALICE RIDING

26-Jun-2024    **Motion Filed**

First Amended Motion for NIHIL DICIT Judgement

**Filed By:** ALICE RIDING

**11-Jul-2024**    Motion no Longer an Issue

**Filing:**

"Private" Trust Constitution and Articles

**Filed By:** ALICE RIDING

27-Jun-2024    **Motion no Longer an Issue**

**Hearing Continued/Rescheduled**

defs apps, 7-11-24 for hrng on mtd

**Hearing Continued From:** 27-Jun-2024; 9:00 AM

TV

**Motion Hearing Scheduled**

Report: CZR0026 v18.0

**16TH JUDICIAL CIRCUIT**
**JACKSON - KANSAS CITY**
**CIRCUIT COURT DOCKET SHEET**

Date: 09-Sep-2024
Time: 12:07:10PM
Page: 4

Case continued from previous page.

| **2416-CV15243** | **ALL PRO 2 LLC V ALICE RIDING ET AL** | **Security Level: 1 Public** |
|---|---|---|

11-Jul-2024 **Bench Trial Scheduled**
Scheduled For: 25-Jul-2024;12:00 PM; MARY FRANCES WEIR; **Setting:** 0; Jackson - Kansas City
**Order**
**Order**
**Order**
**Hearing/Trial Cancelled**
Scheduled For: 25-Jul-2024;12:00 PM; MARY FRANCES WEIR; **Setting:** 0; Jackson - Kansas City
**Bench Trial Scheduled**
Scheduled For: 25-Jul-2024;10:30 AM; MARY FRANCES WEIR; **Setting:** 0; Jackson - Kansas City
moved up at court request
**Notice**
Notice of Rescheduling of Trial
July 25th at 10:30 am

12-Jul-2024 **Notice of Hearing Filed**
Notice of Hearing Trial.
**Filed By:** JULIE ANN ANDERSON
**On Behalf Of:** ALL PRO 2 LLC

17-Jul-2024 **Motion to Transfer**
Motion to Transfer Case to Jury Trial
**Filed By:** ALICE RIDING

19-Jul-2024 **Notice**
Notice Requiring Non-Stautory Abatement
**Filed By:** ALICE RIDING
**Answer Filed**
Answer and Counterclaim
**Filed By:** ALICE RIDING

22-Jul-2024 **Reply**
PLAINTIFFS REPLY TO DEFENDANTS MOTION TO TAKE JUDICIAL NOTICE.
**Filed By:** JULIE ANN ANDERSON
**On Behalf Of:** ALL PRO 2 LLC
**Proposed Order Filed**
ORDER DENYING DEFENDANTS MOTION TO TAKE JUDICIAL NOTICE.
**Filed By:** JULIE ANN ANDERSON
**On Behalf Of:** ALL PRO 2 LLC
**Certificate of Service**

23-Jul-2024 **Motion to Consolidate**
Motion to Consolidate Cases and Add Plaintiff to Foreclosure Case
**Filed By:** ALICE RIDING

25-Jul-2024 **Hearing Continued/Rescheduled**
cont 8-8-24 for motion hearing
Hearing Continued From: 25-Jul-2024;10:30 AM
moved up at court request
**Motion Hearing Scheduled**
Scheduled For: 08-Aug-2024; 9:30 AM; MARY FRANCES WEIR; **Setting:** 0; Jackson - Kansas City

29-Jul-2024 **Motion to Strike**
PLAINTIFFS MOTION TO STRIKE.
**Filed By:** JULIE ANN ANDERSON
**On Behalf Of:** ALL PRO 2 LLC
**Proposed Order Filed**
PRO ORDER TO STRICKEN FROM DEFENDANTS ANSWER.
**Filed By:** JULIE ANN ANDERSON
**On Behalf Of:** ALL PRO 2 LLC
**Motion to Strike**

Report: CZR0026 v18.0

**16TH JUDICIAL CIRCUIT**
**JACKSON - KANSAS CITY**
**CIRCUIT COURT DOCKET SHEET**

Date: 09-Sep-2024
Time: 12:07:10PM
Page: 3

Case continued from previous page.

**2416-CV15243     ALL PRO 2 LLC V ALICE RIDING ET AL**     **Security Level: 1 Public**

|  |  |
|---|---|
| | Scheduled For:  11-Jul-2024; 9:00 AM; MARY FRANCES WEIR; **Setting:**  0; Jackson - Kansas City |
| 28-Jun-2024 | **Proposed Order Filed** |
| | Order Granting Agreed Motion to Seal Court File |
| | **Filed By:**  ALICE RIDING |
| | **Notice** |
| | Agreed Notice of Submission |
| | **Filed By:**  ALICE RIDING |
| | **Notice of Hearing Filed** |
| | Notice of Hearing. |
| | **Filed By:**  JULIE ANN ANDERSON |
| | **On Behalf Of:**  ALL PRO 2 LLC |
| 05-Jul-2024 | **Reply** |
| | REPLY IN OPPOSITION TO MOTION TO DISMISS; Exhibit 1. |
| | **Filed By:**  JULIE ANN ANDERSON |
| | **On Behalf Of:**  ALL PRO 2 LLC |
| | **Proposed Order Filed** |
| | Proposed Order. |
| | **Filed By:**  JULIE ANN ANDERSON |
| | **On Behalf Of:**  ALL PRO 2 LLC |
| 08-Jul-2024 | **Motion Filed** |
| | 2nd Amended Motion for NIHIL DICIT Judgment |
| | **Filed By:**  ALICE RIDING |
| | **11-Jul-2024**        Motion no Longer an Issue |
| | **Proposed Judmt/Dec Dis Filed** |
| | 1st Amended Agreed NIHIL DICIT Judgment |
| | **Filed By:**  ALICE RIDING |
| 10-Jul-2024 | **Certificate of Service** |
| | **Filed By:**  ALICE RIDING |
| | **Notice** |
| | JUDICIAL NOTICE |
| | **Filed By:**  ALICE RIDING |
| | **Motion Filed** |
| | MOTION TO STRIKE DEFENDANTS AGREED NOTICE OF SUBMISSION. |
| | **Filed By:**  JULIE ANN ANDERSON |
| | **On Behalf Of:**  ALL PRO 2 LLC |
| | **Proposed Order Filed** |
| | ORDER GRANTING PLAINTIFFS MOTION TO STRIKE DEFENDANTS AGREED NOTICE OF SUBMISSION. |
| | **Filed By:**  JULIE ANN ANDERSON |
| | **On Behalf Of:**  ALL PRO 2 LLC |
| | **Motion Filed** |
| | MOTION TO STRIKE DEFENDANTS MOTION FOR AGREED NIHIL DICIT. |
| | **Filed By:**  JULIE ANN ANDERSON |
| | **On Behalf Of:**  ALL PRO 2 LLC |
| | **Proposed Order Filed** |
| | ORDER GRANTING PLAINTIFFS MOTION TO STRIKE DEFENDANTS MOTION FOR NIHIL DICIT. |
| | **Filed By:**  JULIE ANN ANDERSON |
| | **On Behalf Of:**  ALL PRO 2 LLC |
| 11-Jul-2024 | **Motion no Longer an Issue** |
| | Moot because stricken by Court |
| | **Hearing Continued/Rescheduled** |
| | trial 7-25-24 at noon |
| | **Hearing Continued From:**  11-Jul-2024; 9:00 AM |

Report: CZR0026 v18.0

**16TH JUDICIAL CIRCUIT**
**JACKSON - KANSAS CITY**
**CIRCUIT COURT DOCKET SHEET**

Date: 09-Sep-2024
Time: 12:07:10PM
Page: 5

Case continued from previous page.

| | |
|---|---|
| **2416-CV15243** | **ALL PRO 2 LLC V ALICE RIDING ET AL** | **Security Level: 1 Public** |

PLAINTIFFS MOTION TO STRIKE.

Filed By: JULIE ANN ANDERSON

On Behalf Of: ALL PRO 2 LLC

**Proposed Order Filed**

PRO ORDER TO STRIKE.

Filed By: JULIE ANN ANDERSON

On Behalf Of: ALL PRO 2 LLC

01-Aug-2024 **Motion to Dismiss**

Motion to Dismiss for Improper Service and Failure to Satisfy First Lien Holder

Filed By: ALICE RIDING

02-Aug-2024 **Reply**

PLAINTIFFS REPLY IN OPPOSITION TO DEFENDANTS MOTION TO CONSOLIDATE; EXHIBIT 1.

Filed By: JULIE ANN ANDERSON

On Behalf Of: ALL PRO 2 LLC

**Proposed Order Filed**

PROPOSED ORDER DENYING DEFENDANTS MOTION TO CONSOLIDATE.

Filed By: JULIE ANN ANDERSON

On Behalf Of: ALL PRO 2 LLC

05-Aug-2024 **Filing of Briefs**

Brief in Support of Defendant's Motion to Reconsider and Set Aside Order Denying Entry of Agreed NIHIL DICIT Judgment

Filed By: ALICE RIDING

**Proposed Order Filed**

Proposed Order Granting Defendant's Motion to Reconsider and Set Aside Order Denying Entry of Agreed Nihil Dicit Judgment

Filed By: ALICE RIDING

**Proposed Order Filed**

ORDER GRANTING MOTION TO DISMISS FOR IMPROPER SERVICE AND FAILURE TO SATISFY FIRST LIEN HOLDER

Filed By: ALICE RIDING

07-Aug-2024 **Reply**

PLAINTIFFS REPLY IN OPPOSITION TO DEFENDANTS SECOND MOTION TO DISMISS.

Filed By: JULIE ANN ANDERSON

On Behalf Of: ALL PRO 2 LLC

**Proposed Order Filed**

ORDER DENYING DEFENDANTS MOTION TO DISMISS.

Filed By: JULIE ANN ANDERSON

On Behalf Of: ALL PRO 2 LLC

08-Aug-2024 **Hearing Continued/Rescheduled**

ptc 10-10-24 AT 11AM, TRIAL 11-26-24 AT 9AM

Hearing Continued From: 08-Aug-2024; 9:30 AM

**Pre-trial Conference Scheduled**

Scheduled For: 10-Oct-2024;11:00 AM; MARY FRANCES WEIR; Setting: 0; Jackson - Kansas City

**Bench Trial Scheduled**

Scheduled For: 26-Nov-2024; 9:00 AM; MARY FRANCES WEIR; Setting: 0; Jackson - Kansas City

**Order**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant's Affirmative Defenses and Counterclaims are outside of the scope of the Unlawful Detainer action and are therfore stricken from Defendant's Answer

**Order**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant's Notice Requiring Non-Statutory Abatement is outside of the scope of the Unlawful Detainer action and is therefore stricken from the record.

**Order**

Report: CZR0026 v18.0

**16TH JUDICIAL CIRCUIT**
**JACKSON - KANSAS CITY**
**CIRCUIT COURT DOCKET SHEET**

Date: 09-Sep-2024
Time: 12:07:10PM
Page: 6

Case continued from previous page.

| 2416-CV15243 | ALL PRO 2 LLC V ALICE RIDING ET AL | Security Level: 1 Public |

IT IS ORDERED,ADJUDGED AND DECREED THAT DEFENDANT'S MOTION TO CONSOLIDATE IS DENIED.

**12-Aug-2024**    **Motion Filed**

MOTION FOR PRELIMINARY INJUNCTION

**Filed By:** ALICE RIDING

**Proposed Order Filed**

ORDER GRANTING DEFENDANT'S MOTION FOR PRELIMINARY INJUNCTION

**Filed By:** ALICE RIDING

**Motion Filed**

Motion to Substitute the Proper Party

**Filed By:** ALICE RIDING

**Proposed Order Filed**

Order Substituting Proper Party

**Filed By:** ALICE RIDING

**Notc Change of Address Filed**

**Filed By:** ALICE RIDING

**13-Aug-2024**    **Notice of Hearing Filed**

NOTICE OF HEARING.

**Filed By:** JULIE ANN ANDERSON

**On Behalf Of:** ALL PRO 2 LLC

**14-Aug-2024**    **Filing:**

Detailed Explanation of Fatal Flaw in Naming the Defendant

**Filed By:** ALICE RIDING

**Affidavit Filed**

Affidavit Regarding Improper Notice of Foreclosure

**Filed By:** ALICE RIDING

**Certificate of Service**

**Affidavit Filed**

AFFIDAVIT OF ALICE MARIE RIDING

**Filed By:** ALICE RIDING

**Motion to Reconsider**

DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS

**Filed By:** ALICE RIDING

**Proposed Order Filed**

ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS

**Filed By:** ALICE RIDING

**22-Aug-2024**    **Motion Filed**

PLAINTIFFS MOTION TO STRIKE DEFENDANTS MOTION FOR PRELIMINARY INJUNCTION.

**Filed By:** JULIE ANN ANDERSON

**On Behalf Of:** ALL PRO 2 LLC

**Proposed Order Filed**

ORDER TO STRIKE DEFENDANTS MOTION FOR PRELIMINARY INJUNCTION.

**Filed By:** JULIE ANN ANDERSON

**On Behalf Of:** ALL PRO 2 LLC

**Motion Filed**

MOTION TO STRIKE DEFENDANTS MOTION TO SUBSTITUTE PROPER PARTY.

**Filed By:** JULIE ANN ANDERSON

**On Behalf Of:** ALL PRO 2 LLC

**Proposed Order Filed**

ORDER TO STRIKE DEFENDANTS MOTION TO SUBSTITUTE PROPER PARTY.

**Filed By:** JULIE ANN ANDERSON

**On Behalf Of:** ALL PRO 2 LLC

Report: CZR0026 v18.0

16TH JUDICIAL CIRCUIT
JACKSON - KANSAS CITY
CIRCUIT COURT DOCKET SHEET

Date: 09-Sep-2024
Time: 12:07:10PM
Page: 7

Case continued from previous page.

**2416-CV15243          ALL PRO 2 LLC V ALICE RIDING ET AL          Security Level: 1 Public**

| | |
|---|---|
| 26-Aug-2024 | **Motion to Strike** |
| | • MOTION TO STRIKE DEFENDANTS AFFIDAVIT OF ALICE MARIE RIDING. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Proposed Order Filed** |
| | ORDER TO STRIKE DEFENDANTS AFFIDAVIT OF ALICE MARIE RIDING. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Motion to Strike** |
| | MOTION TO STRIKE DEFENDANTS AFFIDAVIT REGARDING IMPROPER NOTICE OF FORECLOSURE. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Proposed Order Filed** |
| | ORDER TO STRIKE DEFENDANTS AFFIDAVIT REGARDING IMPROPER NOTICE OF FORECLOSURE. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Motion to Strike** |
| | MOTION TO STRIKE DEFENDANTS CERTIFICATE OF SERVICE. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Proposed Order Filed** |
| | ORDER TO STRIKE DEFENDANTS CERTIFICATE OF SERVICE. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Motion to Strike** |
| | MOTION TO STRIKE DEFENDANTS DETAILED EXPLANATION OF FATAL FLAW IN NAMING THE DEFENDANT. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Proposed Order Filed** |
| | ORDER TO STRIKE DEFENDANTS DETAILED EXPLANATION OF FATAL FLAW IN NAMING THE DEFENDANT. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Motion to Strike** |
| | MOTION TO STRIKE DEFENDANTS MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Proposed Order Filed** |
| | ORDER TO STRIKE DEFENDANTS MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| 29-Aug-2024 | **Motion Filed** |
| | MOTION FOR SUMMARY JUDGMENT. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |
| | **Memorandum Filed** |
| | MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION FOR SUMMARY JUDGMENT. |
| | **Filed By:** JULIE ANN ANDERSON |
| | **On Behalf Of:** ALL PRO 2 LLC |

Report: CZR0026 v18.0

16TH JUDICIAL CIRCUIT
JACKSON - KANSAS CITY
CIRCUIT COURT DOCKET SHEET

Date: 09-Sep-2024
Time: 12:07:10PM
Page: 8

Case continued from previous page.

**2416-CV15243          ALL PRO 2 LLC V ALICE RIDING ET AL          Security Level: 1 Public**

| | |
|---|---|
| 29-Aug-2024 | **Certificate of Service** |
| | CERTIFICATE OF SERVICE. |
| | Filed By: JULIE ANN ANDERSON |
| | On Behalf Of: ALL PRO 2 LLC |
| 04-Sep-2024 | **Notice** |
| | DEFENDANT'S NOTICE OF RELATED CASES |
| | Filed By: ALICE RIDING |
| | **Request Filed** |
| | DEFENDANT'S REQUEST FOR DISCOVERY |
| | Filed By: ALICE RIDING |
| | **Motion Filed** |
| | MOTION FOR PRELIMINARY INJUNCTION |
| | Filed By: ALICE RIDING |
| | **Suggestions in Opposition** |
| | DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| | Filed By: ALICE RIDING |
| | **Motion to Dismiss** |
| | DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS |
| | Filed By: ALICE RIDING |
| | **Memo of Law in Suppt of Filed** |
| | SUPPLEMENTAL MEMORANDUM IN SUPPORT OF OPPOSITION OF SUMMARY JUDGMENT |
| | Filed By: ALICE RIDING |

Electronically Filed - JACKSON - KANSAS CITY - May 31, 2024 - 12:44 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI, AT KANSAS CITY
ASSOCIATE CIRCUIT

ALL PRO 2, LLC )
      Plaintiff, )
              ) Case No.
v. ) Division 31
              )
ALICE RIDING )
ROBIN RIDING )
JOHN DOE/JANE DOE )
      Defendant(s). )
SERVE AT: )
8409 E 116TH ST KANSAS CITY MO 64134 )

## PETITION FOR UNLAWFUL DETAINER

For Plaintiff's Petition for Unlawful Detainer pursuant to Chapter 534 RSMo., Plaintiff states and alleges the following:

1.      Plaintiff is ☒ the owner ☐ an agent for the owner of the demised premises, 8409 E 116TH ST  KANSAS CITY MO 64134 (the "Premises").

2.      Plaintiff is a ☐ Sole Proprietorship, ☐ General Partnership, ☐ Limited Liability Partnership, ☒ Limited Liability Co., ☐ Incorporated, ☐ Corporation.

3.      Venue is proper pursuant to RSMo. 534.060.

4.      Defendant(s) are individuals who reside at the Premises and are not minors.

5.      Defendant(s) are not a member of the Armed Forces of the United States currently serving on active duty as defined by the Servicemembers Civil Relief Act.

6.      Plaintiff has provided Defendant(s) with written notice terminating their rights to possession of the Premises.  A copy of said notice is attached hereto and incorporated herein by reference.

7.      Upon information and belief, Defendant(s) continue to willfully hold possession of the Premises and refuse to vacate the Premises.

8.      The period of unlawful detention began May 31, 2024.

9.      Plaintiff has sustained damages by reason of said unlawful detainer for the reasonable rental value of the Premises from the date of the termination notice until restitution be made, said damages to be doubled in accordance with R.S.Mo. § 534.330.

10.      The reasonable rental value of the Premises is $1,900.00 per month.

11.      Defendant(s) owe Plaintiff $122.58 in statutory damages and will owe statutory damages of $3,800.00 for each month during the pendency of this action.

1

34886

12. DISCLOSURE NOTICE: Because of the global COVID-19 pandemic, you may be eligible for assistance regarding eviction. Learn the steps you should take now: visit www.cfpb.gov/eviction or call a housing counselor at 800-569-4287.

**WHEREFORE**, Plaintiff prays judgment against Defendant(s) in the amount of $122.58, double damages which may accrue during the pendency of this action, for the costs of this action, including Plaintiff's special process server fees, if any; and for post-judgment statutory interest at the rate of 9% per annum. Plaintiff further prays for restitution of the Premises which forms the basis of this suit.

Respectfully Submitted,

ANDERSON & ASSOCIATES

By: _____
Julie A. Anderson #56865
Michael J. Wambolt #51231
Ara B. Brown #57946
Nikaela G. Kuhn #75188
Andrew L. McGrew #72021
John C. Parker #70285
1901 W. 47th Pl. Ste 300
Westwood, KS 66205
816-931-2207 office
816-931-2247 fax
**julie@mokslaw.com**
Attorneys for Plaintiff

STATE OF MISSOURI     )
                      ) ss.
COUNTY OF JACKSON     )

Personally appeared before me Julie Anderson on May 31, 2024, who subscribed and swore to the best of her knowledge and belief that the facts and allegations contained in this Petition are true.

_____
Notary Public

My Commission Expires:

```
MICHAEL DEAN GRECKEL III
Notary Public, Notary Seal
State of Missouri
Jackson County
Commission # 22454071
My Commission Expires 09-26-2026
```

34886



Electronically Filed - JACKSON - KANSAS CITY - May 31, 2024 - 12:44 PM

**MISSOURI OFFICE**
1903 WYANDOTTE ST, STE 100
KANSAS CITY, MISSOURI 64108
PH: (816) 931-2207
FX: (816) 931-2247

**ANDERSON & ASSOCIATES**
www.mokslaw.com

**KANSAS OFFICE**
1901 W 47th PL., STE 300
WESTWOOD, KANSAS 66205
PH: (913) 262-2207
FX: (913) 262-2247

May 20, 2024

ALICE RIDING
ROBIN RIDING
JOHN DOE/JANE DOE
8409 E 116TH ST KANSAS CITY MO 64134

## NOTICE TERMINATING POSSESSION

PREMISES: 8409 E 116TH ST KANSAS CITY MO 64134
OCCUPANTS: ALICE RIDING, ROBIN RIDING, JOHN DOE/JANE DOE
OWNER:
Address for Future Correspondence: The Law Offices of Anderson & Associates, 1901 W. 47th Place, Ste 300, Westwood, KS 66205, 816.931.2207-office, 816.931.2247-fax.

ALL PRO 2, LLC is now the OWNER of the PREMISES after purchasing it at a trustee's foreclosure sale on the 1st of May, 2024. Pursuant to Section 534.030 RSMo., OWNER hereby notifies you that your right to possess (occupy) the PREMISES is terminated effective ten (10) business days from the date of this notice. If you fail to vacate the PREMISES as herein provided, OWNER intends to file an unlawful detainer action against you for recovery of possession of the PREMISES and other applicable legal remedies. Please be advised that remaining on the PREMISES after the date of this notice does not create a tenancy between you and OWNER.

You have a right to dispute this debt. Federal law gives you thirty (30) days after you receive this letter to dispute the validity of the debt or any part of it. The law does not require me to wait until the end of the thirty-day period before suing you to collect this debt and evict you. This notice in no way alters your rights or obligations with respect to any legal proceedings. The courts will set deadlines for filings that may differ from the deadlines set forth below.

Unless you notify us within 30 days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you do notify us within 30 days of a dispute, we will obtain verification of the debt and mail it to you. Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor.

OWNER:

ALL PRO 2, LLC

FILE 34886

## Certificate of Service

The undersigned certifies that a true copy of the foregoing notice was served on the May 20th, 2024 as follows (only the checked item applies): _____ by personal delivery to OCCUPANT(S), or ___ by personal delivery to a person at least 15 years old residing in the PREMISES, or **X** by posting on the door of the PREMISES if no one was present at the PREMISES at the time of service. A copy of said notice was also sent via regular and certified mail to OCCUPANT on May 16, 2024.

*Doug Martens*

_____
Landlord's Agent for Purpose of Service

**IMPORTANT NOTICE: PLEASE READ**
Unless you notify us within 30 days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you do notify us of a dispute, we will obtain verification of the debt and mail it to you. Also, upon your written request within 30 days, we will provide you with the name and address of the original creditor if different from the current creditor. This communication is an attempt to collect a debt, and any information obtained will be used for this purpose.

EXHIBIT 1

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI



| Judge or Division: MARY FRANCES WEIR | Case Number: 2416-CV15243 |
|---|---|
| Plaintiff/Petitioner: ALL PRO 2 LLC | Plaintiff's/Petitioner's Attorney/Address JULIE ANN ANDERSON 4006 CENTRAL ST KANSAS CITY, MO 64111 (816) 931-2207 |
| Defendant/Respondent: ALICE RIDING | Address of Property in Question: |
| Nature of Suit: AC Unlawful Detainer | Date, Time and Location of Court Appearance: 27-JUN-2024, 09:00 AM DIVISION 31 -FLOOR 7M 415 E 12th KANSAS CITY, MO 64106 |

vs.

(Date File Stamp)

## Summons and Notice (Unlawful Detainer Actions)

The State of Missouri to: ALICE RIDING
Alias:

8409 E 116TH ST
KANSAS CITY, MO 64134

### PRIVATE PROCESS SERVER

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court on the date, time and location stated above, to answer the complaint of the plaintiff/petitioner, a copy of which is attached to this summons.

If you fail to appear and answer at the time and place stated in this summons, judgment by default will be taken against you.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of the scheduled hearing.

31-MAY-2024
Date

Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Service must be at least four days before the court date on the summons.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and complaint to the defendant/respondent.

☑ leaving a copy of the summons and complaint at the dwelling place or usual abode of the defendant/respondent with Robin Riding a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and complaint to: _____ (name) _____ (title).

☐ other black male, 40yo, 6'2", 220lhs, black hair

Served at 8409 e 116th St, KCMO 64134 (address)

in Jackson (County/City of St. Louis), MO, on 6/22/24 (date) at 11:00 am (time).

☐ Defendant/respondent cannot be found.

☐ Defendant/respondent has absconded or vacated his or her usual place of abode in this state.

Scott Dixon
Printed Name of Officer or Server

Signature of Officer or Server

DELYNNA K SIEGEL
Notary Public - Notary Seal
Clay County State of Missouri
Commission Number 14004675
My Commission Expires Feb 14, 2027

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _____

My commission expires: 2/14/27
Date

Notary Public

Sheriff's Fees, if applicable

| Summons | $ |
|---|---|
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( _____ miles @ $. _____ per mile) |
| Total | $ |

A copy of the summons and complaint must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM100 (JAKSOUD) For Court Use Only: Document ID # 24-SOUD-807     1 of 3     Rule 54.02; 534.070, 534.080, 534.090 RSMo

34886

# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI



| | |
|---|---|
| Judge or Division:<br>MARY FRANCES WEIR | Case Number: 2416-CV15243 |
| Plaintiff/Petitioner:<br>ALL PRO 2 LLC | Plaintiff's/Petitioner's Attorney/Address<br>JULIE ANN ANDERSON<br>4006 CENTRAL ST<br>KANSAS CITY, MO 64111<br>(816) 931-2207 |
| vs. | |
| Defendant/Respondent:<br>ALICE RIDING | Address of Property in Question: |
| Nature of Suit:<br>AC Unlawful Detainer | Date, Time and Location of Court Appearance:<br>27-JUN-2024, 09:00 AM<br>DIVISION 31 -FLOOR 7M<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| | (Date File Stamp) |

## Summons and Notice (Unlawful Detainer Actions)

The State of Missouri to: ROBIN RIDING
Alias:

8409 E 116TH ST
KANSAS CITY, MO 64134

**PRIVATE PROCESS SERVER**

COURT SEAL OF

*CIRCUIT COURT OF MISSOURI*

JACKSON COUNTY

You are summoned to appear before this court on the date, time and location stated above, to answer the complaint of the plaintiff/petitioner, a copy of which is attached to this summons.

If you fail to appear and answer at the time and place stated in this summons, judgment by default will be taken against you.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of the scheduled hearing.

31-MAY-2024
Date

_____ Clerk

Further Information:

## Sheriff's or Server's Return

Note to serving officer: Service must be at least four days before the court date on the summons.

I certify that I have served the above Summons by: (check one)

☒ delivering a copy of the summons and complaint to the defendant/respondent.

☐ leaving a copy of the summons and complaint at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and complaint to: _____ (name) _____ (title).

☐ other _black male, 40yo, 6'2" 220lbs, black hair_

Served at _8409 e 116th st, KCMO 64134_ (address)

in _Jackson_ (County/City of St. Louis), MO, on _6/22/24_ (date) at _11:00 am_ (time).

☐ Defendant/respondent cannot be found.

☐ Defendant/respondent has absconded or vacated his or her usual place of abode in this state.

_Scott Dixon_
Printed Name of Officer or Server

_____
Signature of Officer or Server

DELYNNA K SIEGEL
Notary Public - Notary Seal
Clay County - State of Missouri
Commission Number 14004675
My Commission Expires Feb 14, 2027

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _6/23/24_ (day)

My commission expires: _2/14/27_
Date

_____
Notary Public

Sheriff's Fees, if applicable

| | |
|---|---|
| Summons | $ |
| Non Est | $ |
| Sheriff's Deputy Salary Supplemental Surcharge | $ 10.00 |
| Mileage | $ _____ ( ____ miles @ $ ____ per mile) |
| Total | $ |

A copy of the summons and complaint must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM100 (JAKSOUD) *For Court Use Only:* Document ID # 24-SOUD-808    1 of 3    Rule 54.02; 534.070, 534.080, 534.090 RSMo

34886

Case 4:24-cv-00623-BCW    Document 1-2    Filed 09/23/24    Page 14 of 52



# IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>MARY FRANCES WEIR | Case Number: 2416-CV15243 |
|---|---|
| Plaintiff/Petitioner:<br>ALL PRO 2 LLC<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>JULIE ANN ANDERSON<br>4006 CENTRAL ST<br>KANSAS CITY, MO 64111<br>(816) 931-2207 |
| Defendant/Respondent:<br>ALICE RIDING | Address of Property in Question: |
| Nature of Suit:<br>AC Unlawful Detainer | Date, Time and Location of Court Appearance:<br>27-JUN-2024, 09:00 AM<br>DIVISION 31 -FLOOR 7M<br>415 E 12th<br>KANSAS CITY, MO 64106 | (Date File Stamp) |

## Summons and Notice (Unlawful Detainer Actions)

The State of Missouri to: **ROBIN RIDING**
Alias:

**8409 E 116TH ST**
**KANSAS CITY, MO 64134**

## PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court on the date, time and location stated above, to answer the complaint of the plaintiff/petitioner, a copy of which is attached to this summons.

If you fail to appear and answer at the time and place stated in this summons, judgment by default will be taken against you.

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of the scheduled hearing.

31-MAY-2024
Date

Clerk

Further Information:

## Sheriff's or Server's Return

**Note to serving officer:** Service must be at least four days before the court date on the summons.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and complaint to the defendant/respondent.

☐ leaving a copy of the summons and complaint at the dwelling place or usual abode of the defendant/respondent with _____ a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and complaint to:
_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

☐ Defendant/respondent cannot be found.

☐ Defendant/respondent has absconded or vacated his or her usual place of abode in this state.

_____
Printed Name of Officer or Server

_____
Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____
Date

_____
Notary Public

| Sheriff's Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary<br>Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and complaint must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (11/2021) SM30 (UD) For Court Use Only: Document ID # 24-SUUD-808    1 of 2    Rule 54.02; 535.070, 535.080, 534.090 RSMo

Case 4:24-cv-00623-BCW    Document 1-2    Filed 09/23/24    Page 15 of 52

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made. Thank you.

Circuit Court of Jackson County

# <u>LEGAL ASSISTANCE</u>

**Court employees are not permitted to give you legal advice**. You may wish to hire an attorney to represent you.

Pursuant to Kansas City Ordinance No. 211067, **if you reside in Kansas City, Missouri**, you have the right to an attorney free of charge. You can exercise this right by filling out a request online at https://gkcassistanceprogram.org/EvictionDefense/ or by calling 816-474-5112 and asking to enroll in the Right to Counsel Program.

**If you reside outside Kansas City, Missouri**, there are also organizations that may be able to help you at no cost if you cannot afford to hire an attorney. Those include the following:

Legal Aid of Western Missouri
4001 Blue Parkway, Suite 300
Kansas City, MO 64130
Phone: 816-474-6750
Website: www.lawmo.org

Heartland Center for Jobs & Freedom
4033 Central
Kansas City, MO 64111
816-278-1344
Website: www.jobsandfreedom.org

UMKC School of Law
Tenant Assistance Initiative
816-343-8709

The Missouri Bar
Legal Resources Assistance
Phone: 573-636-3635
Website: www.missourilawyershelp.org

Kansas City Metropolitan Bar Foundation
Military Matters Program
(Legal Assistance for Qualifying Veterans and Service Members)
Website: www.militarymatterskc.org

Electronically Filed - JACKSON - KANSAS CITY - May 31, 2024 - 12:44 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI, AT KANSAS CITY
ASSOCIATE CIRCUIT

| | |
|---|---|
| ALL PRO 2, LLC | ) |
|     Plaintiff, | ) |
| v. | ) Case No. |
| | ) Division 31 |
| ALICE RIDING | ) |
| ROBIN RIDING | ) |
| JOHN DOE/JANE DOE | ) |
|     Defendant(s). | ) |

**MOTION TO APPOINT SPECIAL PROCESS SERVER FOR SERVICE OF PROCESS**

COMES NOW Plaintiff(s), by and through counsel, and hereby moves for the approval and appointment of Michael Siegel PPS24-0126, Scott Dixon PPS24-0034, Bernard Beletsky PPS24-0012, Ann Beletsky PPS24-0011, Sharon Hendrickson PPS24-0223, Autumn Murry PPS24-0090, Greg Noll PPS24-0096, Robert Anderson PPS24-0005, Brianna Anderson PPS24-0006, Cody Anderson PPS24-0007, Craig Poese PPS24-0101, David Roberts PPS24-0303, and Gage Vann Rogers PPS24-0332, as private process servers in the above-captioned matter. In support of said Motion, Plaintiff(s) state that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file are current and still correct.

Neither Michael Siegel, Scott Dixon, Bernard Beletsky, Ann Beletsky, Sharon Hendrickson, Autumn Murry, David Roberts, Brianna Anderson, Greg Noll, Robert Anderson, Cody Anderson, Craig Poese, nor Gage Vann Rogers are relatives or employees of the Plaintiff(s).

Respectfully Submitted,

ANDERSON & ASSOCIATES

By: _____
Julie A. Anderson #56865
Michael J. Wambolt #51231
Ara B. Brown #57946
Nikaela G. Kuhn #75188
Andrew L. McGrew #72021
John C. Parker #70285
1901 W. 47th Pl. Ste 300
Westwood, KS 66205
816-931-2207 office
816-931-2247 fax
**julie@mokslaw.com**
Attorneys for Plaintiff

**ORDER FOR SPECIAL APPOINTMENT FOR SERVICE OF PROCESS**

The Court being fully advised, for good cause shown, the motion of Plaintiffs is sustained pursuant to Missouri Supreme Court Rule 54.13, Michael Siegel PPS24-0126, Scott Dixon PPS24-0034, Bernard Beletsky PPS24-0012, Ann Beletsky PPS24-0011, Sharon Hendrickson PPS24-0223, Autumn Murry PPS24-0090, Greg Noll PPS24-0096, Robert Anderson PPS24-0005, Brianna

File Code: 34886

Anderson PPS24-0006, Cody Anderson PPS24-0007, Craig Poese PPS24-0101, David Roberts PPS24-0303, and Gage Vann Rogers PPS24-0332 are hereby specifically appointed to serve process on the Defendant(s) herein.

05/31/2024

DEPUTY COURT ADMINISTRATOR

File Code: 34886

Electronically Filed - JACKSON - KANSAS CITY - May 31, 2024 - 12:44 PM

Electronically Filed - JACKSON - KANSAS CITY - May 31, 2024 - 12:44 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI, AT KANSAS CITY
ASSOCIATE CIRCUIT

| | |
|---|---|
| ALL PRO 2, LLC | ) |
| Plaintiff, | ) |
| v. | ) Case No. |
| | ) Division 31 |
| ALICE RIDING | ) |
| ROBIN RIDING | ) |
| JOHN DOE/JANE DOE | ) |
| Defendant(s). | ) |

## MOTION TO APPOINT SPECIAL PROCESS SERVER FOR SERVICE OF PROCESS

COMES NOW Plaintiff(s), by and through counsel, and hereby moves for the approval and appointment of Michael Siegel PPS24-0126, Scott Dixon PPS24-0034, Bernard Beletsky PPS24-0012, Ann Beletsky PPS24-0011, Sharon Hendrickson PPS24-0223, Autumn Murry PPS24-0090, Greg Noll PPS24-0096, Robert Anderson PPS24-0005, Brianna Anderson PPS24-0006, Cody Anderson PPS24-0007, Craig Poese PPS24-0101, David Roberts PPS24-0303, and Gage Vann Rogers PPS24-0332, as private process servers in the above-captioned matter. In support of said Motion, Plaintiff(s) state that the above-named individuals are on the Court's list of approved process servers and the information contained in their applications and affidavits on file are current and still correct.

Neither Michael Siegel, Scott Dixon, Bernard Beletsky, Ann Beletsky, Sharon Hendrickson, Autumn Murry, David Roberts, Brianna Anderson, Greg Noll, Robert Anderson, Cody Anderson, Craig Poese, nor Gage Vann Rogers are relatives or employees of the Plaintiff(s).

Respectfully Submitted,

ANDERSON & ASSOCIATES

By: _____
Julie A. Anderson #56865
Michael J. Wambolt #51231
Ara B. Brown #57946
Nikaela G. Kuhn #75188
Andrew L. McGrew #72021
John C. Parker #70285
1901 W. 47th Pl. Ste 300
Westwood, KS 66205
816-931-2207 office
816-931-2247 fax
**julie@mokslaw.com**
Attorneys for Plaintiff

## ORDER FOR SPECIAL APPOINTMENT FOR SERVICE OF PROCESS

The Court being fully advised, for good cause shown, the motion of Plaintiffs is sustained pursuant to Missouri Supreme Court Rule 54.13, Michael Siegel PPS24-0126, Scott Dixon PPS24-0034, Bernard Beletsky PPS24-0012, Ann Beletsky PPS24-0011, Sharon Hendrickson PPS24-0223, Autumn Murry PPS24-0090, Greg Noll PPS24-0096, Robert Anderson PPS24-0005, Brianna

File Code: 34886

Anderson PPS24-0006, Cody Anderson PPS24-0007, Craig Poese PPS24-0101, David Roberts PPS24-0303, and Gage Vann Rogers PPS24-0332 are hereby specifically appointed to serve process on the Defendant(s) herein.

_____
Date

_____
Associate Circuit Judge

File Code: 34886

Electronically Filed - JACKSON - KANSAS CITY - May 31, 2024 - 12:44 PM

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

## CASE NO.: 2416-CV15243

| | | |
|---|---|---|
| **Plaintiff/Petitioner** | § | **IN THE 16th JUDICIAL CIRCUIT COURT** |
| **ALL PRO 2, LLC** | § | |
| | § | |
| **Vs** | § | **DIVISION 31 FLOOR 7M** |
| | § | |
| **Defendant/Respondent** | § | **JACKSON COUNTY, MISSOURI** |
| | § | |
| **ALICE RIDING** | § | |

24 JUN 12 PM 12:01

BY _____
FILED
CIRCUIT COURT
JACKSON CO., MO

## MANDATORY JUDICIAL NOTICE

**COMES NOW**, the Defendant, Alice-Marie Riding, respectfully requests that this Court take Mandatory Judicial Notice of the following facts, with prejudice:

**Summary:**

The Court is MANDATED to take judicial notice that the property in dispute, located at 8409 E 116th Street, Kansas City, MO, is not owned by ALICE RIDING. The Court must acknowledge a valid land patent in fee simple absolute, which has been conveyed to the legal owner, NATION RAR Trust (hereinafter referred to as "The Private Trust").

**2. Evidence of Ownership:**

- A certified copy of the land patent or deed conveying ownership to The Private Trust is on record with the Jackson County Recorder of Deeds 2023E0053497. Notice was given to both Specialized Loan Servicing (1st Mortgage) and United Consumer Credit Union as well as a public notice in the Kansas City Star Newspaper – Legal Section.

- Supporting documentation showing proof of The Private Trust's ownership is on file with the recorder of deeds number 2024E0021292 with number 20223E0070286 showing the transfer of assets to the Trust.

Case 4:24-cv-00623-BCW    Document 1-2    Filed 09/23/24    Page 22 of 52

**3. Residency and Consent:**

The Court must take judicial notice that Alice-Marie: Riding resides at the property with the consent of the legal owner, The Private Trust. There is no landlord-tenant relationship between Alice-Marie: Riding and, ALL PRO 2, LLC.

**4. Refusal to Acknowledge Ownership Does Not Negate Validity:**

The Court must recognize that the ALL PRO 2, LLC refusal to acknowledge The Private Trust's ownership does not negate its legal standing. The validity of ownership is established by the land patent and cannot be usurped by mere disagreement.

**4. Conclusion:**

The Court's duty to take judicial notice of these facts is crucial for a just resolution. Alice-Marie: Riding resides lawfully at the property and cannot be subject to an unlawful detainer action initiated by someone who does not hold **legal** title.

**Mandatory Relief:**

Based on the facts duly noted, it is mandatory that the Court:

- Declare the unlawful detainer action against Alice-Marie: Riding unenforceable, and provide a ruling that ALL PRO 2, LLC is not the legal owner.

- Dismiss the case with prejudice.

**DATED: June 13th 2024**

**DULY/JUDICIALLY NOTED AND SIGNED WITH PREJUDCE.**

**MARY FRANCES WEIR**
**16TH JUDICIAL CIRCUIT COURT**
**415 E 12TH STREET**
**KANSAS CITY, MO 64106**

By: /s/ Alice-Marie: Riding

**Alice-Marie: Riding**
**8409 E. 116ᵗʰ Street**
**Kansas City, MO**
**816-809-1137**
**aliceriding@gmail.com**

## CERTIFICATE OF SERVICE

I, certify that a true and correct copy of the foregoing mandatory judicial notice has been

served upon all partied, in accordance with the Rules.

By: /s/ Alice-Marie: Riding
  **Alice-Marie: Riding**

Plantiff- All Pro

NOTICE OF CONFLICT AND VARIANCE

vs

Defendant- Alice Riding

24 JUN -7 PM 4:49

FILED-CIRCUIT COURT
JACKSON CO. MO-1

Notice of Conflict or Variance of Law In the event of conflict between my fillings 8e22692f-89ff-439f-b5c2-bf14a849061a - viewable at: https://bit.ly/4e9VNnQ on Jackson County Recorder with PublicRecordPosting.com and any previous recorded documents, the statement and Claims in this Declaration shall be determined to be My correct facts on the matter. My rights as a private citizen are in jeopardy, and are of those classes, rooted in a lofty Christian morality, which the written constitution for the United Stated of America either confers or has taken under its protection and no whole just relief for their enforcement is provided by the forms and proceedings purely legal, and modes of acquiring jurisdiction martial in character, the same necessities invokes and justifies, in cases to which its remedies can be applied, that jurisdiction in equity vested by the written constitution for the United States of America, and which cannot be affect by the legislation of the emergency provisional congress, the states or agencies who are subject to the laws of the emergency "United States" in the District of Columbia. In the event the interpretation of words, doctrines, ideas, principles, and laws are in conflict, then the interpretations shall be governed by that of English Chancery ratified by the Judiciary Act of 1789, next, Chancery Division of the "supreme court of the United States" in paragraph one of June 19, 1934 of the 73rd Congress Sess II CHS 651, 652 (Public Law No. 415), which rights, are later left untouched by the supreme court in their passage of specially only "Sec 2" in by the written "We The People" "The Constitution for the united States of America" Art. III Sect. 2, subd. 1, Maxims of Equity listed in Annex Six, and private trust law: equity shall always prevail! Take Notice hereby that the primary equitable rights expressed herein are not cognizable at law, much less by martial modes of acquiring jurisdiction, and thus i am without a speedy, nor just and complete remedy at law and therefore there arises a conflict or variance of the rules of law over subject matter of the State of Missouri /Jackson County issued registered organizations "Alice-Marie: Riding" and "ALICE MARIE RIDING" respectively, in relation to My private citizenship. Said conflict is governed by the Judiciary Act 1789 in it §11, §16, & §20 and also by import of England's High Court of Judicature Act of 1873 amended 1875 both of which are attached hereto by reference (as well as stated by the Supreme Court of Minnesota (Dunnell's 1910 §3140)) "when there is a conflict between the rules of equity and the rules of the common law over the same subject matter the rules of equity shall prevail" to the exclusion of generally Roman Civil law or Roman Equity du jour, statutes and codes or international law or military doctrine by applying the maxim "Inclusio unius est exclusion alterius." As a private American Citizen National Party to the organic unimpeachable written "The Constitution for The united States of America", as amended 15 December A.D. 1791 (hereinafter "My Constitution"), said original root organic de jure Land jurisdiction of the union " The

## NOTICE OF CONFLICT AND VARIANCE

United States of America" by My country's written Articles of Confederation a ratified by all thirteen original states A.D. 1781 hereinafter said written constitution and articles are collectively referred to throughout this document as "said USA", as stated herein this Notice by Declaration herein is to express succinctly with specificity and particularly My Legal and Equitable Nature and Character, Political wishes, intent, will, purpose and conscience. i do not voluntarily surrender any part of My sovereignty or Liberties to any non-Republican de facto provisional "emergency" Martial or municipal government, or international military law of occupation by operation of law or otherwise and instead at all times i receive the civilian due process protections of My country's adopted written "The Constitution for The united States of America, as amended 15 December A.D. 1791", without waiver of Article I, Sec. 8 constitutionally limited grant of Powers, on relation to the sovereign Territory of the several member union States of the country of the United States of America, A.D. 1791; and therefore, i am to be self-governing in the words within in My nation's original executed Bill in Chancery genesis root written title "IN CONGRESS July 4, 1776. The unanimous Declaration of the thirteen United States of America" A.D.1776 "under the Laws of Nature and Nature's God" now in its glorious two hundred and fortieth year of our Lord Jesus the Christ Advocate My wonderful Counselor.

*Alice-Marie Roder*

# NOTICE OF CONFLICT AND VARIANCE

*Alice-Marie: Riding* (signature)

## JURAT/AFFIDAVIT

**STATE OF MISSOURI**

**COUNTY OF JACKSON**

SUBSCRIBED AND SWORN TO before me the undersigned notary public personally appeared _Kelly McElwee_ proved to me through satisfactory evidence of identification, which was _Alice Riding_ to be the person whose name is signed on the preceding or attached document (Notice of Conflict or Variance) who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his/her knowledge and belief.

Kelly McElwee
Notary Public-Notary Seal
STATE OF MISSOURI
Jackson County
My Commission Expires 11/13/2026
Commission #22834896

_____
Signature of Notary Public

_11/13/2026_____
Commission Expiration Date of Notary

(seal)

Alice-Marie: Riding -Pro se

Plaintiff,                          §          IN THE 16th CIRCUIT COURT

v.                                  §          OF JACKSON COUNTY

United Consumer Credit Union,       §          MISSOURI STATE

Et. Al.]                            §

Respondents.                      .  §

FILED-CIRCUIT COURT
JACKSON CO., MO-1
24 JUN 28 PH 1:17

## <u>AGREED NOTICE OF SUBMISSION</u>

Please take notice on this <u>28th</u> day of <u>June 2024</u>, that the *Motion and Agreed Nihil Dicit Default Judgment* will be presented to the Court by Submission on _____, 2024, at ___:____ A.M./P.M. in the courtroom of the __16th__ Circuit Court of Jackson County, Missouri, located at: <u>308 W Kansas Ave, Independence, MO 64050</u>

**DATED:** June 28, 2024

Respectfully submitted,

By: __/s/ Alice-Marie: Riding__ - Alice-Marie: Riding
    Alice-Marie: Riding
    8409 E 116th Street, Kansas City, MO
    Email: aliceriding@gmail.com
    Phone: 816-809-1137

By: /s/ United Consumer Credit Union
    United Consumer Credit Union
    1111 E 23rd Street S, Independence, MO 64055
    Email: jayu@uccumo.com
    Phone: 816-325-6900

Case 4:24-cv-00623-BCW    Document 1-2    Filed 09/23/24    Page 28 of 52

- o If applicable, investigating the possibility of fraudulent conveyance by the previous owner.

4. Granting a continuance will not prejudice the Plaintiff. This case is in the early stages, and a brief delay will allow for a more thorough examination of the facts.

5. A continuance will ultimately serve the interests of justice by ensuring a fair and complete resolution of this matter.

**WHEREFORE,** the Defendant respectfully requests that this Court grant a continuance of the unlawful detainer hearing currently scheduled for June 27, 2024 and set a new date for the hearing at the Court's convenience.

**DATED: June 24, 2024**

**Respectfully submitted,**

**By: /s/ Alice-Marie: Riding**
Alice-Marie Riding, *pro se*
8409 E 116th Street
816-809-1137
aliceriding@gmail.com

## CERTIFICATE OF SERVICE

I, certify that a true and correct copy of the foregoing Motion was served upon all parties pursuant to the Rules.

**By: /s/ Alice-Marie: Riding**
Alice-Marie: Riding

Case 4:24-cv-00623-BCW     Document 1-2     Filed 09/23/24     Page 29 of 52

# IN THE 16TH JUDICIAL DISTRICT CIRCUIT COURT OF JACKSON COUNTY, MISSOURI

ALL PRO 2, LLC

Plaintiff

v.                                          **CASE NO.: 2416-CV15243**

ALICE-MARIE RIDING,

Defendant

Not an Official Court Document

## MOTION FOR EMERGENY CONTINUANCE

COMES NOW, the Defendant, Alice-Marie Riding, respectfully requests that this Court grant a continuance of the unlawful detainer hearing currently scheduled for June 27, 2024.

## IN SUPPORT OF THIS MOTION, THE PLAINTIFF/TENANT STATES:

1. This case is an unlawful detainer action filed by the Plaintiff, seeking to evict the Defendant from the property located at 8409 E 116th Street, Kansas City, MO.

2. The Defendant disputes the validity of the Plaintiff's claim to possession of the property. Specifically, the Defendant questions whether the Plaintiff qualifies as a bona fide purchaser of the property.

3. **Additional Time for Investigation Needed:** The Defendant requires at least 60 days to investigate the legitimacy of the Plaintiff's purchase. This investigation may involve, but is not limited to:

   o Obtaining copies of relevant property records to verify the sale and ownership history.

   o Contacting the previous owner(s) to confirm the details of the sale.

If applicable, investigating the possibility of fraudulent conveyance by the previous owner.

4. Granting a continuance will not prejudice the Plaintiff. This case is in the early stages, and a brief delay will allow for a more thorough examination of the facts.

5. A continuance will ultimately serve the interests of justice by ensuring a fair and complete resolution of this matter.

**WHEREFORE,** the Defendant respectfully requests that this Court grant a continuance of the unlawful detainer hearing currently scheduled for June 27, 2024 and set a new date for the hearing at the Court's convenience.

**DATED: June 24, 2024**

**Respectfully submitted,**

By: _Alice-Marie Riding_
Alice-Marie Riding, *pro se*
8409 E 116th Street
816-809-1137
aliceriding@gmail.com

## CERTIFICATE OF SERVICE

I, certify that a true and correct copy of the foregoing Motion was served upon all parties pursuant to the Rules.

By _Alice-Marie Riding_
Alice Marie Riding, *Pro Se*

| | |
|---|---|
| ALL PRO 2, LLC, | Case No.: 2416-CV15243 |
| DOUG MARTENS | |
| Plaintiff, | **MOTION FOR** |
| vs. | **NIHIL DICIT JUDGEMENT** |
| **ALICE MARIE RIDING** | |
| Defendants. | |

COMES NOW the Defendant, Alice-Marie: Riding *pro se*, files this Motion for

Default Judgment against ALL PRO 2, LLC, ("Plaintiff") as follows:

1. Defendant, Alice-Marie: Riding resides in Jackson County, Missouri.

2. Plaintiff unlawfully purchased property at a Non-Judicial Foreclosure hearing at issue in Jackson County, Missouri.

3. Defendant did not enter into an agreement with ALL PRO 2, LLC, d/b/a Doug Martens represented by Julie Anderson with Anderson & Associates (Attorney for Plaintiff) for real property 8409 E. 116th Street, Kansas City, MO. Attorney for Plaintiff sent a Notice Terminating Possession on May 20, 2024. The letter stated ALL PRO 2, LLC is now the Owner of the Property after purchasing the property at a Non-Judicial trustee's sale on the 1st of May 2024.

4. Plaintiff notified the Defendant that a right to possess the premises as herein provided will be terminated effective (10) business days from the date of the notice (May 20,

MOTION FOR NIHIL DICIT JUDGEMENT - 1

2024), and if Defendant fails to vacate the premises as herein provided, the owner intends to file and unlawful detainer for recovery of possession of the premises and other applicable legal remedies, and that remaining on the premises after the date of the notice does not create a tenancy between the Defendant and the new Owner. The Plaintiff has stated that the Defendant has 30 days after receiving the notice to dispute the validity of the debt or any part of it.

5. The Plaintiff was sent an Affidavit of Truth, True Bill and Fee Schedule agreeing to accept under penalty of perjury judgment by default in favor of Defendant due to a failure to timely respond to a request for admissions with 72 hours from the date received, in full compliance with the self-executing contract/agreement, shall result in each matter being admitted by ALL PRO 2, LLC and not subject to further dispute and that Silence is Acquiescence. The attorney for the Plaintiff sent a cease and desist on May 30, 2024. On May 31, 2024, attorney for Plaintiff sent a debt collection letter with a total amount due of $122.58 stating ALL PRO, 2 LLC is trying to collect the debt and evict the Defendant from 8409 E 116th Street, Kansas City, MO.

6. The Plaintiff was notified that the Nation RAR Trust holds the title and a valid land patent on the property (see land patent attached hereto and incorporated herein as if recited verbatim). See, e.g., "that the patent carries the fee simple and is the best title known to a court of law is settled doctrine of this court," [Marshall v Ladd, 7 Wall. (74 U.S.) 106 (1869)]; "a patent issued by the government of United States is legal and conclusive evidence of title to the land described therein, ho equitable interest, however strong, to land described in such patent can prevail at law, against the patent. "[Land Patents, Opinions of the Unites States Attorney General's office (Sept. 1869]; "a patent is

MOTION FOR NIHIL DICIT JUDGEMENT - 2

highest evidence of title and is conclusive against the government and all claiming under junior titles, until it is set aside or annulled by some judicial tribunal. '[Stone v. United States, 1 Well. (67 U.S. 765 (1865)]; "the patent is the instrument which, under the laws of congress, passes title from the United States and the patent when regular on its face, is conclusive evidence of title in the patentee, when there is a confrontation between two parties as to the superior legal title, the patent is conclusive evidence as to ownership." [Gibson v. Chauteau, 13 Wall 92 (1871)]; "congress having the sole power to declare the dignity and effect its titles has declared the patent to be the superior and conclusive evidence of the legal title." [Bagnell v. Broderick, 38 U.S. 438 (1839)]; "the patent is prima facie conclusive evidence of the title." Marsh v. Brooks, 49 U.S. 223,233 (1850)]; "the land patent is the highest evidence of title and is immune from collateral attack." [Raestle v. Whitson, 582 p.2d 170,172 (1978)]; "patents rights to the land is the title in fee." [City Of Los Angeles V. Board Of Supervisors Of Mono County, 292 P. 2d 539 (1956)]; "the patent is the fee simple," [Squire v. Capoeman, 351 U.S. 1, 6 (1956)]; "and the patent is required to carry the, fee," [Carter v. Ruddy, 166 U.S. 493, 496 (1896)].

7. Wherefore, because the "Trust" lawfully obtained a land patent, the Trust holds the SUPERIOR legal title in fee simple absolute. Upon the subsequent transfer of the property into a valid Trust, SUPERIOR legal title in fee simple absolute followed the transfer, and now the TRUST holds SUPERIOR legal title in fee simple absolute, which conclusively proves, based on establishes US Supreme Court case law that the Plaintiff has no legal or equitable interest in the property, and therefore, the Court must declare the Unlawful Detainer as *VOID AB INITIO, NUNC PRO TUNC*

MOTION FOR AGREED NIHIL DICIT JUDGEMENT - 3

8. Based on the foregoing reasons, Plaintiff wholly lacks standing to bring this suit, especially having named an improper party as the Defendant. Alice-Marie: Riding is not the legal owner of the property at issue, as the Trust is the legal owner. Plaintiff's suit against Alice-Marie: Riding, is without merit and must be dismissed with prejudice.

9. The Plaintiff's complaint fails to state a claim upon which relief can be granted. An Unlawful Detainer action requires the Plaintiff to be the legal owner of the property. Here, the Plaintiff has not alleged ownership and, in fact, the Complaint admits the Trust holds title. Missouri Rule of Civil Procedure 55.05 requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Since the Plaintiff cannot demonstrate ownership, a core element of an Unlawful Detainer claim, the Complaint fails to meet this standard.

10. Plaintiff allegedly requested the Defendant provide proof of a claim within 72 hours. Failure to provide proof of ownership within the timeframe established by the Plaintiff does not automatically grant them ownership rights. An Unlawful Detainer action is a legal remedy to recover possession of real property from someone who is wrongfully withholding it. Mere demand for proof of ownership is not sufficient to establish a legal right to possession.

11. Plaintiff promptly filed an Unlawful Detainer on May 31st, 2024 letter to Defendant, , demanding the return of her property and a response to the fraudulent foreclosure.

12. Plaintiff invokes the "10 Maximis of Commercial Law," stating that an unrebutted affidavit becomes judgment in commerce and emphasizes ALL PRO 2, LLC's default by failing to respond or provide proof of claim.

MOTION FOR NIHIL DICIT JUDGEMENT - 4

13. Failure or refusal by ALL PRO 2, LLC to provide requested proofs of claim constitutes dishonor and default, admitting to fraud on the contract, lack of full disclosure, and equal consideration.

14. Defendent asserts that ALL PRO 2, LLC 's silence or refusal to provide proof of claim operates in her favor, waiving all rights to defend and rendering any claim upon relief non-grantable.

15. Pursuant to 15 U.S. Code 1666(e), Defendant formally requested ALL PRO 2, LLC, to furnish documentary evidence of ownership according to account number (427729-78), as required under 15 U.S. Code 44.

16. Additionally, Defendant invoked the provisions of 15 U.S. Code 1666b(a), specifically referencing 15 U.S. Code 1637(b)(2)(a), to demand clarification on the funding source of account number (427729-78) and the party accountable for the purported debt.

17. Defendant emphasizes that failure to provide comprehensive documentary evidence constitutes a billing error under the regulations stipulated in 12 CFR 1026.13(d)(3), thereby forfeiting ALL PRO 2, LLC 's rights to pursue collection on the disputed amount.

18. Pursuant to 12 U.S. Code 5562(c)(10), Defendant exercised the right to request the money audit trail, aiming to ascertain the validity and accuracy of the alleged debt.

19. Defendant contends that any contractual limitations or waivers purporting to restrict the defendant's rights are void under 16 CFR 433.3(b)(4), emphasizing the ineffectiveness of such clauses in absolving ALL PRO 2, LLC, from liability.

20. Defendant alleges that ALL PRO 2, LLC, failed to fulfill its obligations as stipulated in 16 CFR 433.2(a), thereby undermining the contractual validity and enforceability of the alleged debt.

MOTION FOR NIHIL DICIT JUDGEMENT - 5

21. Defendant argues that ALL PRO 2, LLC, misrepresented the character and amount of the debt, in direct violation of 15 U.S. Code 1692e(2)(a), thereby invalidating any claims made by the plaintiff.

22. Furthermore, Defendant asserts that all obligations of debt are ultimately the responsibility of the United States under 18 U.S. Code 8, emphasizing the need for accuracy and transparency in debt collection practices.

23. Defendant asserts the right to impose fees for violations of God-given rights and presents a True Bill in Commerce, demanding punitive damages to be paid in legal tender .999 one-ounce silver coins or credited to Defendant's account within fourteen (14) business days.

24. Defendant charges fees for various violations, including but not limited to fraud, trespass, securities fraud, and obtaining property by false pretenses, amounting to a total of $93,035,000.00 punitive Damages plus 10% annual interest, in calculated actual, restitution, and punitive damages, pursuant to Defendant's Fee Schedule and True Bill in Commerce, in which the plaintiffs also failed to dispute or rebut, and therefore has agreed to pay the full amount to the defendant.

25. Plaintiff by its dishonor and default in commerce, has willingly entered into a lawful and binding contractual agreement with the Defendant, agreeing to pay to the Defendant the total amount of $93,035,000.00, plus 10% annual interest, by means of consenting to awarding the Defendant necessary liens, encumbrances and levies, including but not limited to the issuance of any writs necessary to execute collection on the judgment.

MOTION FOR NIHIL DICIT JUDGEMENT - 6

26. Plaintiff consents to granting special power of attorney to the Defendant or any third-party whom she chooses to act accordingly, for all purposes of executing and collecting the judgment, and enforcing the judgment.

27. Plaintiff consents to the private security agreement by accommodation, per the UCC, and hereby declare all of its assets, non-exempt property, accounts, securities, inventories, and all other collateral currently owned or after-acquired from this day, now belongs to the Defendant, until the judgment is wholly satisfied.

28. Plaintiff consents to unclean hands and therefore, consents to invoking the equitable doctrines of waiver, estoppel, res judicata, and barred claims now or in the future. Plaintiff consents not to collaterally attack the final judgment, and consents to this courts' jurisdiction, without the necessity of further notice, as Plaintiff has been properly noticed several times prior to entering into the contract agreement.

29. Defendant reserves the authority under the 9th and 10th Amendments to impose fines for crimes committed by government officers, corporations, and citizens acting against Defendant's rights.

30. Like a Default Judgment, where damages can be calculated, the Defendant, requests that the clerk's execution of the judgment and issuance of writs and necessary collection procedures, so as not to clog the Court's docket with a matter that is contractually resolved, and merely needs to be lawfully enforced.

**Wherefore** Defendant respectfully requests that -

1. This honorable court enter a judgment in Nihil Dicit without the necessity of a hearing, in favor of the defendant due to the Plaintiff's failure to respond to the Affidavit of Truth, Proof of claims, and True Bill in Commerce.

MOTION FOR AGREED NIHIL DICIT JUDGEMENT - 7

2. Defendant further requests that the court order ALL PRO 2, LLC to:

    a. Adjust the account to a zero balance,

    b. Dismiss Defendant's unlawfully detainer

    c. Fully exonerate the Defendant's from any liability.

3. Defendant also requests a monetary judgment award of actual, restitution, and punitive damages in the amount of $93,035,000.00 plus 10% compounded annual interest against the Plaintiffs, jointly and severally, as provided in the True Bill in Commerce submitted herewith, which let execution.

4. Defendant further requests that any relief not expressly sought herein shall not be deemed as waived, and the Defendant may at any time exercise her right to request further necessary relief to enforce this judgment.

5. Defendant also requests any other relief as the honorable court deems appropriate.

Respectfully Submitted,

Dated this ___25th___ day of ____June____, 2024.

                                 By: Alice-Marie Riding, *pro se*
                                 c/o 8409 E 116th Street
                                 Kansas City, MO
                                 P: (816) 809-1137
                                 E: aliceriding@gmail.com

MOTION FOR AGREED NIHIL DICIT JUDGEMENT - 8

Missouri Republic          )
                           ) **Sworn and subscribed:**
Jackson County             )

    I, Alice-Marie: Riding, Secured Party Creditor, under my unlimited liability and Commercial Oath, proceeding in good faith, being of sound mind, having first-hand knowledge, affirm, state, and declare that the facts contained herein are true, correct, complete and not misleading, under penalty of International Commercial Law, so help me, God, this __25th__ day of __JUNE__, 2024. Witness my hand and seal.

By: _Alice-Marie: Riding_
Alice-Marie: Riding, S.P.C.

_____
Notary Public,
Officer of the Court
Jackson County, Missouri

MECCA KHALIDAH HAZZIEZ
(Seal) NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES OCTOBER 19, 2025
JACKSON COUNTY
COMMISSION #21533254

MOTION FOR AGREED NIHIL DICIT JUDGEMENT - 9

# IN THE 16TH JUDICIAL DISTRICT COURT

## COUNTY OF JACKSON, MISSOURI

ALL PRO 2, LLC

DOUG MARTENS

       Plaintiff,

vs.

ALICE-MARIE RIDING,

      Respondent.

Case No.:   2416-CV15243

**AGREED NIHIL DICIT JUDGMENT**

FILED-CIRCUIT COURT!
JACKSON CO. MO-I
24 JUN 25 PM 1:44

## AGREED NIHIL DICIT JUDGMENT

### STIPULATIONS ESTABLISHED AND CONSENTED TO BY THE PARTIES WITHIN THE FOREGOING PROCESS INCLUDING RESPONDENT'S ADMISSION AND CONFESSION, I.E., "CONFESSION OF JUDGMENT":

As a matter of law, and under the right to contract, the parties, Secured Party Creditor, Alice-Marie; Riding ("The Respondent" or "The Claimant" or "Secured Party Creditor") and ALL PRO 2, LLC and Doug Martens d/b/a C.E.O. ("The Plaintiffs"), hereby stipulate, acknowledge, and agree to the following terms and clauses herein as evidenced by their respective signatures herein below, pursuant to an International Commercial Claim Within the Admiralty *ab inito* Administrative Remedy [28 USC §1333, §1337, §2461, §2463]:

AGREED NIHIL DICIT JUDGMENT - 1

Case 4:24-cv-00623-BCW    Document 1-2    Filed 09/23/24    Page 41 of 52

9. IT IS ORDERED that the Plaintiff shall purchase (a) bond(s) to cover and secure this judgment, in the event that the Plaintiff has not yet acquired all the asserts to fully satisfy the judgment and does not anticipate the same to occur in the near future, as prohibited by law.

10. IT IS ORDERED and the Plaintiffs are consenting with the issuance of encumbrances including but not limited to liens, writs of possession, writs of garnishments, writs of execution, writs of attachment, on any and all property fixture accounts and public hazard bonds against the Plaintiffs' up to the amount of ten million dollars for any and all actions taken by the Plaintiffs or their agents, regarding the hindering, impeding, obstruction, and or delaying of the Claimant rights, titles and interest in any and all collateral in the association with or secured by or security for the above referenced alleged by the Claimant herein-above.

11. IT IS ORDERED that all Agents of the Plaintiff's, for the purposes of satisfying this judgment, **are fiduciaries** to the Respondent and must treat the Respondent with the utmost respect and shall fully cooperate with any and all requests by the Respondent with regard to the Plaintiff's affairs with the good faith attempt to provide useful information to fairly and quickly resolve this matter.

12. This judgment is final and binding and is in immediate full force and effect, and no appeal shall be entertained. The Plaintiff have consented to waive all rights to claims now and in the future, and consents to the invocation of the equitable doctrines of estoppel, res judicata and unclean hands. This judgment cannot be discharged by bankruptcy.

AGREED NIHIL DICIT JUDGMENT - 6

tender .999 one-ounce silver coins or via certified funds, to be timely delivered to the Respondent, c/o Alice-Marie: Riding at: 8409 E 116th Street, Kansas City, MO

4. IT IS ORDERED that all lawful collection procedures including possession, access and strict foreclosure on all inventory, property, accounts, and other collateral listed within the security agreement, shall immediately commence after upon the signing of this judgment.

5. IT IS ORDERED that Plaintiffs are barred from discharging this debt via bankruptcy.

6. IT IS ORDERED that the Plaintiff or its agents willfully and intentionally fails to fully comply with this judgment at the expiration of 30 days from the date this judgment is signed, the Plaintiffs shall be found in direct contempt of court, subject to mandatory jail time as deemed appropriate by the Court in addition to fines and monetary sanctions awarded to the Plaintiff. Strict compliance forthwith shall be upheld pertaining to the execution of this Judgment.

7. IT IS ORDERED that Plaintiff hereby grants a specific power of attorney for the acquisition, procurement, and or production of any and all records, documents and or communications necessary for the securing of any and all rights titles and interest in or pertaining to any and all collateral associated with or secured by the above referenced alleged by the Claimant as provided herein above.

8. IT IS ORDERED that the Respondent now holds priority title and interest to all property that the Plaintiff owns (i.e., real property, personal property, profits, income, benefits, stocks, bonds, and securities, equipment, accounts, financial banking accounts, etc.), until the entire judgment is satisfied in full. This judgment is a muniment of title.

AGREED NIHIL DICIT JUDGMENT - 5

Case 4:24-cv-00623-BCW    Document 1-2    Filed 09/23/24    Page 43 of 52

Both parties have consented to this Court's jurisdiction over this matter and have also consented to the entry of the Nihil Dicit Judgment, by submission, without the necessity of a hearing, and without further notice of the same.

**THE PARTIES AGREE THAT NO CONTROVERSARY EXISTS.**

**CONFESSION OF JUDGMENT**

Plaintiff confesses/admits to each unrebutted fact within the Respondent's affidavit of truth, fee schedule, and have agreed to the total judgment amount.

**ORDER**

**WHEREFORE IT IS AGREED, DECLARED AND ORDERED** that:

1. IT IS ORDERED that in the event that the Plaintiff fail to comply with the foregoing provision, the Respondent shall timely bring an enforcement before this Court, and Plaintiff shall be held in direct contempt, consisting of jail time and monetary sanctions.

2. IT IS ORDERED that the alleged debt associated with Account #: 427729-78, between the Respondent, Alice-Marie; Riding, and UNITED CONSUMER CREDIT UNION, shall be cancelled in its entirety, with no liability whatsoever against the Respondent regarding said account.

3. IT IS ORDERED that Doug Martens d/b/a CEO and ALL PRO 2, LLC are jointly and severally liable and are hereby ORDERED to pay restitution, actual punitive damages to the Respondent, Alice-Marie: Riding, in the amount of **$93,035,000.00, plus 10% annual compound interest**, pursuant the parties lawfully binding and enforceable Contract Agreement, for which let execution. Payment shall be remitted within fourteen (14) business days upon receipt of this judgment. The payment shall be made in legal

AGREED NIHIL DICIT JUDGMENT - 4

Case 4:24-cv-00623-BCW    Document 1-2    Filed 09/23/24    Page 44 of 52

Respondent invokes the "10 Maxims of Commercial Law," stating that an unrebutted affidavit becomes judgment in commerce and emphasizes the Plaintiff's default by failing to rebut point-for-point.

Plaintiff, by their silence admits, pursuant to 15 USC 1611(1), of criminal liability, both in official and personally, for willfully and knowingly providing false information or failing to disclose required information under the subchapter, as requested by Plaintiff several times. Respondent may exercise her rights to file a criminal complaint, accordingly and before the statute of limitations for this crime committed against Respondent.

**DEFAULT:** For the Plaintiff's failure to honor the Presentment and Corrected Fault Notice places the Plaintiff in **default**. For the course of dealing, set forth herein, with the Plaintiff's failure, refusal, or neglect in the presentment of a verified response to the Presentment and Corrected Fault Notice, constitutes the Plaintiff's failure to perform in good faith and the Plaintiff's acquiescence and tacit agreement with all terms, conditions and stipulations set forth within this Notice of Default in Dishonor (Consent to Nihil Dicit Judgment), the Presentment, and the Corrected Fault Notice. Therefore, this matter is deemed non-appealable, res judicata and stare decisis.

Failure or refusal by the Plaintiff to provide requested proofs of claim constitutes DISHONOR and DEFAULT, by admitting to fraud on the contract and securities fraud, intentional fraud, lack of full disclosure, among other violations.

Plaintiff consent to execution of any lawful lien, issuance of writs, and all other lawful means of collection, to secure collateral, and **Respondent also agrees to signature(s) by accommodation, per the UCC.**

AGREED NIHIL DICIT JUDGMENT - 3

ALL PRO 2, LLC )
)
Plaintiff, )
)
v. ) Case No. 2416-CV15243
)
Alice Marie Riding )
)
Defendant

## MOTION TO DISMISS

**COMES NOW** the Defendant, Alice Marie Riding, *pro se*, and respectfully moves this Court to dismiss the Plaintiff's Unlawful Detainer claim with prejudice pursuant to Missouri Rule of Civil Procedure 55.27 for the following reasons:

### 1. Lack of Standing

The Plaintiff lacks standing to bring an Unlawful Detainer action because it has not and cannot prove legal title to the property at issue. The Complaint fails to allege that the Trust has transferred ownership of the property to the Plaintiff. Since the Trust remains the legal owner, the Plaintiff has no legal interest in the property and no right to possess it. Missouri case law clearly establishes that only the legal owner, or their authorized agent, can maintain an Unlawful Detainer action. See: * **McDowell v. O'Connell,** 704 S.W.2d 242 (Mo. Ct. App. 1985) (holding that a party who does not hold legal title to the property cannot maintain an Unlawful Detainer action).

Furthermore, there is a valid land patent on the property (see land patent attached hereto and incorporated herein as if recited verbatim). See, e.g., "that the patent carries the fee and is the best title known to a court of law is settled doctrine of this court," [Marshall v. Ladd, 7 Wall. (74 U.S.) 106 (1869)]; "a patent issued by the government of United States is legal and conclusive evidence of title to the land described therein, ho equitable interest, however strong, to land described in such patent can prevail at law, against the patent." [Land Patents, Opinions of the United States Attorney General's office. (Sept. 1869)]; "a patent is the highest evidence of title, and is conclusive against the government and all claiming under junior titles, until it is set aside or annulled by some judicial tribunal." [Stone v. United States, 1 Well. (67 U.S. 765 (1865)]; "the patent is the instrument which, under the laws of congress, passes title from the United States and the patent when regular on its face, is conclusive evidence of title in the patentee, when there is a confrontation between two parties as to the superior legal title, the patent is conclusive evidence as to ownership." [Gibson v. Chauteau, 13 Wall 92 (1871)]; "congress having the sole power to declare the dignity and effect its titles has declared the patent to be the superior and conclusive evidence of the legal title." [Bagnell v. Broderick, 38 U.S. 438 (1839)]; "the patent is prima facie conclusive evidence of the title." Marsh v. Brooks, 49 U.S. 223,233 (1850)]; "the land patent is the highest evidence of title and is immune from collateral attack." [Raestle v. Whitson, 582 p.2d 170,172 (1978)]; "patents rights to the land is the title in fee."

Case 4:24-cv-00623-BCW    Document 1-3    Filed 09/23/24    Page 46 of 52

[City Of Los Angeles V. Board Of Supervisors Of Mono County, 292 P. 2d 539 (1956)]; "the patent is the fee simple," [Squire v. Capoeman, 351 U.S. 1, 6 (1956)]; "and the patent is required to carry the, fee," [Carter v. Ruddy, 166 U.S. 493, 496 (1896)].

Wherefore, because Defendant, Alice-Marie: Riding lawfully obtained a land patent, she then acquired SUPERIOR legal title in fee simple absolute. Upon the subsequent transfer of the property into a valid Trust, SUPERIOR legal title in fee simple absolute followed the transfer, and now the TRUST holds SUPERIOR legal title in fee simple absolute, which conclusively proves, based on establishes US Supreme Court case law that the Plaintiff has no legal or equitable interest in the property, and therefore, the Court must declare the Unlawful Detainer as *VOID AB INITIO, NUNC PRO TUNC*.

Based on the foregoing reasons, Plaintiff wholly lacks standing to bring this suit, especially having named an improper party as the Defendant. Alice-Marie: Riding is not the legal owner of the property at issue, as the Trust is the legal owner. Plaintiff's suit against Alice-Marie: Riding, is without merit and must be dismissed with prejudice.

## 2. Failure to State a Claim for Which Relief Can Be Granted

The Plaintiff's complaint fails to state a claim upon which relief can be granted. An Unlawful Detainer action requires the Plaintiff to be the legal owner of the property. Here, the Plaintiff has not alleged ownership and, in fact, the Complaint admits the Trust holds title. Missouri Rule of Civil Procedure 55.05 requires pleadings to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Since the Plaintiff cannot demonstrate ownership, a core element of an Unlawful Detainer claim, the Complaint fails to meet this standard.

Additionally, the Plaintiff allegedly requested the Defendant provide proof of a claim within 72 hours. Failure to provide proof of ownership within the timeframe established by the Plaintiff does not automatically grant them ownership rights. An Unlawful Detainer action is a legal remedy to recover possession of real property from someone who is wrongfully withholding it. Mere demand for proof of ownership is not sufficient to establish a legal right to possession.

## 3. Relief Requested

For the foregoing reasons, Defendant, Alice-Marie: Riding, respectfully requests that this Court:

- Dismiss the Plaintiff's Unlawful Detainer claim with prejudice.
- Declare that the Plaintiff has no interest in the property because legal title never passed from the Trust to the Plaintiff.
- Award damages to Defendant pursuant to her fee schedule and invoiced True Bill, due to Plaintiff's violations of Defendant's unalienable, God-given rights to enjoy her property, without trespass, fraud, unwarranted threats, baseless lawsuits, etc.

Dated: June 25, 2024

Respectfully submitted,

By: _Alice-Marie: Riding_

Alice-Marie: Riding, pro se

8409 E 116th Street

Kansas City, MO 64134

816-809-1137

aliceriding@gmail.com

*- First Amended -*

# IN THE 16TH JUDICIAL DISTRICT COURT

## COUNTY OF JACKSON COUNTY, MISSOURI

ALL PRO 2, LLC,

DOUG MARTENS

      Plaintiff,

vs.

**ALICE MARIE RIDING**

      Defendants.

Case No.: 2416-CV15243

**MOTION FOR
NIHIL DICIT JUDGEMENT**

24 JUN 26 PM 4:28 FILED-CIRCUIT COURT JACKSON CO., MO-1

COMES NOW the Defendant, Alice-Marie: Riding *pro se*, files this Motion for Default Judgment against ALL PRO 2, LLC, ("Plaintiff") as follows:

1. Defendant, Alice-Marie: Riding resides in Jackson County, Missouri.

2. Plaintiff unlawfully purchased property at a Non-Judicial Foreclosure hearing at issue in Jackson County, Missouri.

3. Defendant did not enter into an agreement with ALL PRO 2, LLC, d/b/a Doug Martens represented by Julie Anderson with Anderson & Associates (Attorney for Plaintiff) for real property 8409 E. 116th Street, Kansas City, MO. Attorney for Plaintiff sent a Notice Terminating Possession on May 20, 2024. The letter stated ALL PRO 2, LLC is now the Owner of the Property after purchasing the property at a Non-Judicial trustee's sale on the 1st of May 2024.

4. Plaintiff notified the Defendant that a right to possess the premises as herein provided will be terminated effective (10) business days from the date of the notice (May 20,

MOTION FOR NIHIL DICIT JUDGEMENT - 1

2024), and if Defendant fails to vacate the premises as herein provided, the owner intends to file and unlawful detainer for recovery of possession of the premises and other applicable legal remedies, and that remaining on the premises after the date of the notice does not create a tenancy between the Defendant and the new Owner. The Plaintiff has stated that the Defendant has 30 days after receiving the notice to dispute the validity of the debt or any part of it.

5. The Plaintiff was sent an Affidavit of Truth, True Bill and Fee Schedule agreeing to accept under penalty of perjury judgment by default in favor of Defendant due to a failure to timely respond to a request for admissions with 72 hours from the date received, in full compliance with the self-executing contract/agreement, shall result in each matter being admitted by ALL PRO 2, LLC and not subject to further dispute and that Silence is Acquiescence. The attorney for the Plaintiff sent a cease and desist on May 30, 2024. On May 31, 2024, attorney for Plaintiff sent a debt collection letter with a total amount due of $122.58 stating ALL PRO, 2 LLC is trying to collect the debt and evict the Defendant from 8409 E. 116th Street, Kansas City, MO.

6. The Plaintiff was notified that the Nation RAR Trust holds the title and a valid land patent on the property (see land patent attached hereto and incorporated herein as if recited verbatim). See, e.g., "that the patent carries the fee and is the best title known to a court of law is settled doctrine of this court," [Marshall v Ladd, 7 Wall. (74 U.S.) 106 (1869)]; "a patent issued by the government of United States is legal and conclusive evidence of title to the land described therein, ho equitable interest, however strong, to land described in such patent can prevail at law, against the patent. "[Land Patents, Opinions of the Unites States Attorney General's office (Sept. 1869]; "a patent is the

MOTION FOR AGREED NIHIL DICIT JUDGEMENT - 2

13. Failure or refusal by ALL PRO 2, LLC to provide requested proofs of claim constitutes dishonor and default, admitting to fraud on the contract, lack of full disclosure, and equal consideration.

14. Plaintiff asserts that ALL PRO 2, LLC 's silence or refusal to provide proof of claim operates in her favor, waiving all rights to defend and rendering any claim upon relief non-grantable.

15. Pursuant to 15 U.S. Code 1666(e), Defendant formally requested ALL PRO 2, LLC, to furnish documentary evidence of ownership according to account number (427729-78), as required under 15 U.S. Code 44.

16. Additionally, Defendant invoked the provisions of 15 U.S. Code 1666b(a), specifically referencing 15 U.S. Code 1637(b)(2)(a), to demand clarification on the funding source of account number (427729-78) and the party accountable for the purported debt.

17. Defendant emphasizes that failure to provide comprehensive documentary evidence constitutes a billing error under the regulations stipulated in 12 CFR 1026.13(d)(3), thereby forfeiting ALL PRO 2, LLC 's rights to pursue collection on the disputed amount.

18. Pursuant to 12 U.S. Code 5562(c)(10), Defendant exercised the right to request the money audit trail, aiming to ascertain the validity and accuracy of the alleged debt.

19. Defendant contends that any contractual limitations or waivers purporting to restrict the defendant's rights are void under 16 CFR 433.3(b)(4), emphasizing the ineffectiveness of such clauses in absolving ALL PRO 2, LLC, from liability.

20. Defendant alleges that ALL PRO 2, LLC, failed to fulfill its obligations as stipulated in 16 CFR 433.2(a), thereby undermining the contractual validity and enforceability of the alleged debt.

MOTION FOR AGREED NIHIL DICIT JUDGEMENT - 5

21. Defendant argues that ALL PRO 2, LLC, misrepresented the character and amount of the debt, in direct violation of 15 U.S. Code 1692e(2)(a), thereby invalidating any claims made by the defendant.

22. Furthermore, Defendant asserts that all obligations of debt are ultimately the responsibility of the United States under 18 U.S. Code 8, emphasizing the need for accuracy and transparency in debt collection practices.

23. Defendant asserts the right to impose fees for violations of God-given rights and presents a True Bill in Commerce, demanding punitive damages to be paid in legal tender .999 one-ounce silver coins or credited to Defendant's account within fourteen (14) business days.

24. Plaintiff charges fees for various violations, including but not limited to fraud, trespass, securities fraud, and obtaining property by false pretenses, amounting to a total of $93,035,000.00 punitive Damages plus 10% annual compound interest, in calculated actual, restitution, and punitive damages, pursuant to Defendant's Fee Schedule and True Bill in Commerce, in which the defendants also failed to dispute or rebut, and therefore has agreed to pay the full amount to the defendant.

25. Plaintiff by its dishonor and default in commerce, has willingly entered into a lawful and binding contractual agreement with the Defendant, agreeing to pay to the Defendant the total amount of $93,035,000.00, plus 10% annual interest, by means of consenting to awarding the Defendant necessary liens, encumbrances and levies, including but not limited to the issuance of any writs necessary to execute collection on the judgment.

MOTION FOR AGREED NIHIL DICIT JUDGEMENT - 6